UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROLANDO LOPEZ | § | CIVIL ACTION NO.: |
| | § | |
| | § | |
| VERSUS | § | SECTION: |
| | § | |
| | § | |
| QUALITY CONSTRUCTION & PRODUCTION, LLC, C&G BOATS, INC., ABC INSURANCE COMPANY, AND XYZ INSURANCE COMPANY | § § § § | JUDGE: MAGISTRATE JUDGE: |

## NOTICE OF REMOVAL

Defendant, Quality Construction & Production, LLC ("Quality Construction"), gives this notice and hereby removes this civil action, captioned *Rolando Lopez v. Quality Construction & Production, LLC, C&G Boats, Inc., ABC Insurance Company, and XYZ Insurance Company*, No. C-695373, Section 25, 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana to this Court. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of this removal, Quality Construction represents:

## INTRODUCTION

1.

On April 6, 2020, an action was commenced in the 19th Judicial District Court for the Parish of East Baton Rouge, styled *Rolando Lopez v. Quality Construction & Production, LLC, C&G Boats, Inc., ABC Insurance Company, and XYZ Insurance Company*, No. C-695373, Section 25, 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana (the "State Court Action"). As required by 28 U.S.C. § 1446(a), copies of all executed process in the case, pleadings, and all orders signed by the state judge are attached hereto *in globo* as Exhibit "A".

2.

As alleged, this lawsuit arises out of a February 26, 2020 accident sustained by Plaintiff, Rolando Lopez, while in the course and scope of his employment with Quality Construction. *See* Plaintiff's Original Petition for Damages ("Petition") at ¶ 9. More specifically, Plaintiff alleges that he was working as a rigger assigned to the *Ms, Isabella Rose* when he slipped onboard the deck of the vessel. *See* Petition at ¶ 12. Plaintiff further alleges injuries, including those to his right shoulder. *See* Petition at ¶ 12. As a result of the incident, Plaintiff asserts the following damages: (a) Compensatory damages; (b) actual damages; (c) consequential damages; (d) pain and suffering; (e) exemplary damages; (f) past and future mental anguish; (g) past and future impairment; (h) past and future disfigurement; (i) past and future economic loss; (j) pre and post-judgment interest; (k) court costs; (l) expert witness fees; (m) costs of copies and depositions; and (n) any other just and proper relief. *See* Petition at ¶ 21.

3.

Plaintiff alleges that he is a Jones Act seaman. *See* Petition at ¶ 4. He further alleges that he was a member of the crew for the *Ms. Isabella Rose* and that he was contributing to and aiding in its mission. *See* Petition at ¶ 12. Plaintiff alleges at the time of his accident, the *Ms. Isabella Rose* was operated by Quality Construction and owned and/or operated by Defendant C&G Boats, Inc. ("C&G Boats"). *See* Petition at ¶ 10-11.

4.

Despite the allegations contained in his Petition, Plaintiff is not a Jones Act seaman, but rather a Longshoreman by extension of the Outer-Continental Shelf Lands Act, 43 U.S.C. § 1333(a)(2)(A) ("OCSLA"). Plaintiff worked for Quality Construction to perform services on platforms permanently affixed to the Outer-Continental Shelf of the Gulf of Mexico. More

specifically, at the time of his alleged accident, Plaintiff was assigned to work on a platform permanently affixed to the Outer-Continental Shelf of the Gulf of Mexico and was onboard the *Ms. Isabella Rose* for the limited purpose of using its sleeping quarters and mess hall. Plaintiff's vaguely plead Jones Act claim cannot preclude removal under OCSLA.

**FEDERAL QUESTION JURISDICTION**

3.

This Court has original jurisdiction over this action under 28 U.S.C. §1331, pursuant to the fact that OCSLA is a federal law, 43 U.S.C. § 1333(a)(2)(A) and jurisdiction is specifically granted to the District Court under 43 U.S.C. § 1349(b)(1). Therefore, the case may be removed to this Court pursuant to 28 U.S.C. §1441(a).

4.

In his employment with Quality Construction, Plaintiff was assigned to work on platforms permanently affixed to the Outer-Continental Shelf of the Gulf of Mexico.

5.

At the time of the accident alleged in his Petition, Plaintiff was assigned to work on a platform permanently affixed to the Outer-Continental Shelf of the Gulf of Mexico and was onboard the *Ms. Isabella Rose* for the limited purpose of using its sleeping quarters and mess hall.

6.

Plaintiff's claims arise under OCSLA because but for Plaintiff's assignment to a fixed platform permanently affixed to the Outer-Continental Shelf of the Gulf of Mexico, he would not have sustained the alleged accident.

7.

As Plaintiff's claims arise under OCSLA and district courts have jurisdiction over OCSLA claims, this Court has jurisdiction over Plaintiff's claims.

**REMOVAL IS TIMELY**

8.

On April 8, 2020, Quality Construction was provided with a stamped copy of Plaintiff's petition for damages by counsel. Defendants file this notice of removal within thirty (30) days of receipt of the petition, making removal timely under 28 U.S.C. § 1446(b)(2)(C).

**REMOVAL IS PROPER**

9.

Plaintiff's claims arise under OCSLA and district courts have jurisdiction over OCSLA claims. Accordingly, this Court has original jurisdiction under 43 U.S.C. § 1349(b)(1) and removal is proper pursuant to 28 U.S.C. §1441(a).

**NOTICE TO STATE COURT AND OPPOSING PARTY**

10.

Promptly upon the filing of this Notice of Removal, Quality Construction shall file a Notice of Filing Notice of Removal with the Clerk of Court for the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, and serve a copy thereof on Plaintiff through his counsel. A copy of Quality Construction's Notice of Filing Notice of Removal is attached hereto and incorporated herein for all purposes as Exhibit "B".

**CONSENT OF ALL DEFENDANTS TO REMOVAL**

11.

Defendant, C&G Boats, Inc., has not yet been served in the State Court Action and is therefore unable to join or consent to removal. Furthermore, as Defendants ABC Insurance Company and XYZ Insurance Company have not yet been identified, properly named or served, they are unable to consent to removal at this time. As the requirements of 28 U.S.C. § 1446(b)(1)

provide that only defendants who have been properly joined and served must consent to removal pursuant to 28 U.S.C. §1441(a), and considering no other defendants in this captioned matter have been served at this time, Quality Construction hereby removes this action from the 19th Judicial District Court for the Parish of East Baton Rouge, to this Court, on this 28 day April, 2020.

## CONCLUSION

12.

Defendants respectfully request that this Court exercise its jurisdiction over this action and enter such further orders and grant such further relief as may be necessary to secure removal herein and to prevent further proceedings in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

**WHEREFORE**, Defendant, Quality Construction & Production, LLC, prays that the legal action captioned *Rolando Lopez v. Quality Construction & Production, LLC, C&G Boats, Inc., ABC Insurance Company, and XYZ Insurance Company*, No. C-695373, Section 25, 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, be removed to the United States District Court for the Middle District of Louisiana.

Respectfully submitted,
**MELCHIODE MARKS KING LLC**

s/s *Kevin A. Marks*
KEVIN A. MARKS (LA #22499)
SCOTT R. HUETE (LA #33191)
639 Loyola Avenue, Suite 2550
New Orleans, Louisiana 70113
Telephone: (504) 336-2880 / Fax: (504) 336-2342
kmarks@mmkfirm.com / shuete@mmkfirm.com
*Counsel for Quality Construction & Production, LLC*

**CERTIFICATE OF SERVICE**

I, the undersigned counsel of record for Quality Construction & Production, LLC, do hereby certify that I have this day served the above and foregoing on all counsel of record via ECF document filing system and email, this 28th day of April, 2020.

s/s *Kevin A. Marks*
**KEVIN A. MARKS**