EAST BATON ROUGE PARISH C-695373
Filed Apr 06, 2020 9:14 AM 25
Deputy Clerk of Court
FAX RECEIVED MARCH 18, 2020

ORIGINAL

19th JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE,
STATE OF LOUISIANA

NO. ______________ DIVISION ______________

**ROLANDO LOPEZ,**

VERSUS

**QUALITY CONSTRUCTION & PRODUCTION, LLC; C & G BOATS, INC.; ABC INSURANCE COMPANY; and XYZ INSURANCE COMPANY**

FILED: ____________ ______________
DEPUTY CLERK

**ORIGINAL PETITION**

NOW INTO COURT through undersigned counsel comes ROLANDO LOPEZ, (hereinafter "Plaintiff"), complaining of QUALITY CONSTRUCTION & PRODUCTION, LLC; C & G BOATS, INC.; ABC INSURANCE COMPANY; and XYZ INSURANCE COMPANY (hereinafter "Defendants"), and for cause of action would respectfully show the Court the following:

**I.**

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over this controversy and jurisdiction over Defendants because Defendants had continuous and systematic contacts with the State of Louisiana.

2. Venue is proper in this Court pursuant to Article 42 of the Louisiana Code of Civil Procedure because, upon information and belief, at all times material to this Petition Defendant QUALITY CONSTRUCTION & PRODUCTION, LLC was insured by ABC INSURANCE COMPANY, a yet to be identified foreign insurance company, for all damages claimed by Plaintiff. Upon information and belief, Defendant C & G BOATS, INC. was insured by XYZ INSURANCE COMPANY, a yet to be identified foreign insurance company.

3. This Court also has jurisdiction over this matter as Plaintiff is a seaman under the Jones Act (46 U.S.C. § 688). *See* 28 U.S.C. § 1333. Further, it is well settled that this Jones Act case is not removable. *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993).



EXHIBIT
"A"

## II.

## PARTIES

4. Plaintiff Rolando Lopez is a Jones Act seaman and a person of full age and majority that resides in Baytown, TX.

5. Defendant QUALITY CONSTRUCTION & PRODUCTION, LLC is a domestic corporation licensed to do business in the State of Louisiana. Defendant QUALITY CONSTRUCTION & PRODUCTION, LLC's primary business office is located in Youngsville, LA and it may be served by and through its registered agent: Dean Cazenave, 400 Convention St. 7th Floor, Baton Rouge, LA 70802. Upon information and belief, Defendant QUALITY CONSTRUCTION & PRODUCTION, LLC was insured through a liability insurance policy issued by Defendant ABC INSURANCE COMPANY, yet to be identified foreign insurer.

6. Defendant C & G BOATS, INC. is a domestic corporation licensed to do business in the State of Louisiana. Defendant C & G BOATS, INC.'s primary business office is located in Golden Meadow, LA and it may be served by and through its registered agent: Magnus J. Arceneaux, III, 117, Branton Drive, Lafayette, LA 70508. Upon information and belief, Defendant C & G BOATS, INC. was insured through a liability insurance policy issued by Defendant XYZ INSURANCE COMPANY, yet to be identified foreign insurer.

7. Defendant ABC INSURANCE COMPANY, upon information and belief, is a foreign insurance company that insured Defendant QUALITY CONSTRUCTION & PRODUCTION, LLC through a policy of general liability insurance at all times material hereto and is liable jointly, severally, and *in solido* with Defendant QUALITY CONSTRUCTION & PRODUCTION, LLC for Plaintiff's alleged damages. Plaintiff reserves the right to amend this pleading to substitute the proper name of the insurer once its identity is learned.

8. Defendant XYZ INSURANCE COMPANY, upon information and belief, is a foreign insurance company that insured Defendant QUAL C & G BOATS, INC. through a policy of general liability insurance at all times material hereto and is liable jointly, severally,

and *in solido* with Defendant QUALITY CONSTRUCTION & PRODUCTION, LLC for Plaintiff's alleged damages. Plaintiff reserves the right to amend this pleading to substitute the proper name of the insurer once its identity is learned.

**III.**

**FACTS**

9. This lawsuit is necessary as a result of personal injuries that Plaintiff sustained on or about February 26, 2020. At that time, Plaintiff was employed by QUALITY CONSTRUCTION & PRODUCTION, LLC as a rigger assigned to the *Ms. Isabella Rose*.

10. Upon information and belief, Defendants QUALITY CONSTRUCTION & PRODUCTION, LLC operated the *Ms. Isabella Rose* on the date of this incident.

11. Upon information and belief, Defendant C & G BOATS, INC. owned and/or operated the *Ms. Isabella Rose* on the date of this incident.

12. This incident occurred aboard the *Ms. Isabella Rose* on the navigable waters of the Gulf of Mexico. Plaintiff, as a member of its crew, was contributing to and aiding the *Ms. Isabella Rose* to accomplish its mission. While working aboard the *Ms. Isabella Rose* in rough seas, Plaintiff sustained serious injuries. Specifically, Plaintiff was climbing a step aboard the *Ms. Isabella Rose* when he was caused to slip on a slick surface. Plaintiff fell down, grabbing the door behind him with his right hand while his left hand struck the ground. As a result, Plaintiff suffered severe injuries, including but not limited to a severe right shoulder injury, which required surgery.

13. Plaintiff reported his injuries to his employer on or about the date of this incident. At this time, Plaintiff cannot work because of his injuries.

**IV.**

**CLAIMS**

14. Plaintiff repeats and re-alleges each allegation contained above.

15. The proximate, contributing, and legal causes of Plaintiff's injuries include the negligence and general maritime negligence of Defendants, his employer(s), and the unseaworthiness of the *Ms. Isabella Rose*. Plaintiff is not at fault.

16. Defendants' actions were negligent and grossly negligent under the Jones Act, and Defendants' vessel, the *Ms. Isabella Rose*, was unseaworthy, causing injury and damages to the body and mind of Plaintiff, for the following non-exclusive reasons:

a. Failure to properly maintain, inspect, and/or repair the vessel and/or its equipment—specifically including, but not limited to, the step on which this incident occurred;

b. Failing to respond to or heed complaints of unnecessary and dangerous hazards;

c. Failure to warn Plaintiff of hidden dangers;

d. Failing to maintain safe mechanisms for work on the vessel;

e. Failure to provide adequate training;

f. Unsafe vessel design and configuration the vessel;

g. Operating the vessel in an unsafe and improper manner;

h. Unsafe and/or lack of safe policies, procedures, and training;

i. Unsafe and inadequate supervision of the crew;

j. Failure to provide adequate safety equipment;

k. Failure to provide a safe work environment;

l. Instructing crewmembers to perform work in an unsafe manner;

m. Vicariously liable for their employees' and/or agents' negligence;

n. Violating their own safety rules, policies, and regulations;

o. Violating applicable Coast Guard, OSHA, BSEE rules, and/or other applicable rules and regulations; and

p. Other acts deemed negligent and grossly negligent.

17. Defendants owed a duty consistent with the foregoing and breached each of the foregoing duties. These breaches were the proximate, contributing, and legal cause of Plaintiff's injuries. As a result of Defendants' negligence, Plaintiff suffered severe physical injury. Plaintiff is entitled to recover for his injuries. Additionally, Defendants' actions were

done with a reckless disregard to a substantial risk of severe bodily injury. As such, Plaintiff is entitled to exemplary damages.

V.

**PRAYER FOR RELIEF**

18. Defendants are liable unto Plaintiff for appropriate timely maintenance and cure for this on-the-job injury to its employee/seaman/plaintiff, as well as punitive and exemplary damages, compensatory damages, and full and appropriate attorney fees for any dilatory, willful and malicious and/or callous failure to pay for full amounts of healthcare of Plaintiff (cure), and full amounts of maintenance to Plaintiff.

19. Defendants are also liable to pay damages to Plaintiff for past and future lost wages and other economic losses, pain, suffering, mental anguish, disfigurement, disability, loss of enjoyment of life, medical and health related costs, judicial interest, and costs, all to be paid in an amount reasonable in the premises.

20. Specifically, as a direct and proximate result of Defendants' conduct, Plaintiff suffered severe and permanent injuries, including but not limited to, physical pain, mental anguish, and other harm which have caused and will cause Plaintiff residual disability, past and future disfigurement, past and future pain and suffering, past and future mental anguish and distress, past and future loss of enjoyment of life, past and future medical expenses, past lost earnings, future loss of earning capacity, past and future physical impairment. Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which he now sues.

21. WHEREFORE, Plaintiff prays that Defendants be cited to appear and answer this Petition and that after due proceedings be had, that there be relief and judgment entered herein as follows:

a. Compensatory damages against Defendants;

b. Actual damages;

c. Consequential damages;

d. Pain and suffering;

e. Exemplary damages;

f. Past and future mental anguish;

g. Past and future impairment;

h. Past and future disfigurement;

i. Past and future economic loss;

j. Interest on damages (pre and post-judgment) in accordance with the law;

k. Costs of Court;

l. Expert witness fees;

m. Costs of copies of depositions; and

n. Such other and further relief as the Court may deem just and proper.

## VI.

## RESERVATION OF RIGHTS

22. Plaintiff reserves the right to prove the amount of damages at trial and to amend his Petition to add additional claims upon further discovery and as his investigation continues.

## VII.

## JURY TRIAL DEMAND

23. Plaintiff hereby demands a trial by jury.

Respectfully Submitted,

ARNOLD & ITKIN LLP

Roland Christensen, Roll #37440
rchristensen@arnolditkin.com
6009 Memorial Drive
Houston, TX 77007
Tel: 713.222.3800
Fax: 713.222.3850
**e-service@arnolditkin.com**

**ATTORNEY FOR PLAINTIFF**

**PLEASE SERVE**

QUALITY CONSTRUCTION & PRODUCTION, LLC
Through its registered agent for process:
Dean Cazenave,
400 Convention St. 7th Floor,
Baton Rouge, LA 70802.

C & G BOATS, INC.
Through its registered agent for process:
Magnus J. Arceneaux, III
117 Branton Drive
Lafayette, LA 70508