UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROLANDO LOPEZ                                        CIVIL ACTION

VERSUS

QUALITY CONSTRUCTION &
PRODUCTION, LLC. ET AL.                         NO. 20-00250-BAJ-EWD

### RULING AND ORDER

Now before the Court is Plaintiff's **Second Motion to Remand (Doc. 45, the "Motion")**, asserting that the removal of his case, which based the Court's jurisdiction on the Outer Continental Shelf Lands Act (OCSLA), 43 U.S.C. § 1349(b)(1), was improper. Plaintiff was employed by Quality Construction & Production LLC (QCS) as a rigger to perform work on a Talos Energy platform that was permanently affixed to the sea floor on the Outer Continental Shelf in the Gulf of Mexico. (See Doc. 36-2 at p. 5). Defendant C&G Boats, Inc., chartered the *M/V Isabella Rose*, a vessel where Plaintiff would sleep and eat when he was not working on the platform. (*Id.*). On or about February 26, 2020, while off-duty aboard the *Isabella Rose*, Plaintiff was walking to the mess hall when he slipped and fell. He filed suit in state court, alleging that he suffered severe injuries, including to his right shoulder, (Doc. 1-1 at ¶12), and seeking to recover damages under various theories of maritime negligence. (Doc. 50).

On February 28, 2024 the Magistrate Judge issued a **Report and Recommendation (R&R) (Doc. 49)**, recommending that Plaintiff's Second Motion

to Remand (Doc. 45) be denied. Plaintiff timely filed an objection to the R&R (Doc. 50), requesting a *de novo* review. He asserts that the Magistrate Judge erred in recommending that the Motion be denied for two reasons: (1) because Plaintiff was off-duty at the time of his injury, the activities that led to his injury do not constitute an "operation" under OCSLA; and (2) the relationship between his employment and his injury were too attenuated. (Doc. 50). For reasons herein, the Court will adopt the **R&R** and Plaintiff's **Second Motion to Remand (Doc. 45)** will be denied.

Plaintiff disputes the Magistrate Judge's recommendation that the Court has jurisdiction under OCSLA despite Plaintiff's off-duty status at the time of the incident. (Doc. 50 at 5). "OCSLA asserts exclusive federal question jurisdiction over the OCS by specifically extending '[t]he Constitution and laws and civil and political jurisdiction of the United States . . . [to the OCS] and all installations and other devices permanently or temporarily attached to the seabed . . . for the purpose of exploring for, developing, or producing resources therefrom.'" *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 213 (5th Cir. 2013) (citing 43 U.S.C. § 1332(1) and § 1333(a)(1)); *see also Recar v. CNG Producing Co.*, 853 F.2d 367, 370 (5th Cir. 1988) (acknowledging that the "OCSLA invests [a] district court with original federal question jurisdiction."). "The jurisdictional grant in OCSLA is broad, covering a 'wide range of activity occurring beyond the territorial waters of the states.'" *Barker*, 713 F.3d at 213 (citing *Texaco Exploration & Prod., Inc. v. AmClyde Engineered Prods. Co.*, 448 F.3d 760, 768 (5th Cir. 2006), *amended on reh'g*, 453 F.3d 652 (5th Cir. 2006)).

Plaintiff contends that the cases cited in support of the Magistrate Judge's finding do not shed light on whether OCSLA jurisdiction extends to an off-duty individual. (*Id.* at 7 (referring to *Landerman v. Tarpon Operating & Dev., L.L.C.*, 19 F. Supp. 3d 678, 683 (E.D. La. 2014) (upholding OCSLA jurisdiction where the plaintiff, a welder on an OCS platform, was injured when being transferred by crane basket from the platform to the vessel where he was lodging when the basket was placed on top of the vessel's equipment and tipped over, which caused the plaintiff to fall to the vessel)); *Recar v. CNG Producing Co.*, 853 F.2d. 367, 370 (5th Cir. 1988) (upholding OCSLA jurisdiction over foreman's accident that occurred when the rope broke while he was swinging from the platform to the vessel where the maintenance crew slept and ate); *Hebert v. Smith*, No. 05-2226, 2006 WL 8456144 (W.D. La. Mar. 15, 2006) (upholding OCSLA jurisdiction over crash of helicopter attempting to transport people between offshore platforms)). For this reason, Plaintiff argues, OCSLA jurisdiction has not been established. The Court disagrees. The plaintiffs in *Landerman, Recar,* and *Hebert,* much like the Plaintiff here, were not performing their assigned duties at the *precise* moment of their injuries. The facts before the Court are not meaningfully distinguishable from the cases above. The courts in none of the cases cited by the Magistrate Judge imposed a requirement that a plaintiff's injury actually be caused by, or during the execution of, specific work being performed on the offshore platform in question. The Court here will similarly decline to limit OCSLA jurisdiction in this way. Here, but for Plaintiff's employment with QCP, he would not have been aboard the vessel for lodging purposes and would not have

sustained the injuries. Therefore, the Court is correct in its finding of OCSLA jurisdiction in this matter, irrespective of Plaintiff's off-duty status.

The Supreme Court has provided definitive guidance on this very issue. In *Pacific Operators Offshore LLP v. Valladolid,* 565 U.S. 207 (2012), the decedent "spent 98 percent of his time working on an offshore platform, but [] was killed in an accident while working at an onshore facility." *Id.* at 681. The Court, finding that jurisdiction was supported under OCSLA, held that "nothing in [OCSLA] suggests that an injury must occur on the OCS." *Id.* Rather, the Court noted, "[t]he provision has only two requirements: The extractive operations must be 'conducted on the [OCS],' and the employee's injury must occur 'as the result of' those operations.'" *Id.*

The Supreme Court's guidance is dispositive here. Plaintiff's injury occurred aboard a vessel next to an OCS drilling platform. Although he was not engaged in the tasks of his employment at the precise moment of injury, his duties on the Talos Energy platform constituted an operation under OCSLA. *See* Doc. 49 at 7–10. Furthermore, it is undisputed that the vessel was moored to the Talos Energy platform at the time of Plaintiff's alleged injury, further tying Plaintiff's injury to the subject matter covered by the OCSLA. *See Landerman*, 19 F. Supp. 3d at 683.; *see also* (Doc. 46 at p. 7-9). In sum, Plaintiff was engaged in offshore operations that qualify for OCSLA jurisdiction, and his injury on a vessel attached to an offshore platform occurred "as a result" of those operations. For these reasons, based on the Supreme Court's rationale, there existed a substantial nexus between Plaintiff's injuries and his employment on the Platform.

Although Plaintiff attempts to identify minor details that distinguish the cases cited by the Magistrate Judge from the situation here, he notably fails to offer any case supporting his interpretation of OCSLA's "straightforward and broad" jurisdictional grant. *In re Deepwater Horizon*, 745 F.3d 157, 163 (5th Cir. 2014).

For instance, in one case cited by Plaintiff, a data-collecting company suing for breach of contract sought OCSLA jurisdiction because the contracts in question involved the licensing of "pre-existing seismic data" gathered from the Gulf of Mexico—the location of the OCS. *Fairfield Indus., Inc. v. EP Energy E&P Co., L.P.*, No. CV H-12-2665, 2013 WL 12145968, at *5 (S.D. Tex. May 2, 2013), *report and recommendation adopted*, No. CV 4:12-2665, 2013 WL 12147780 (S.D. Tex. July 2, 2013). Because of this tenuous connection, the company in *Fairfield Indus.* argued that OCSLA jurisdiction was appropriate. The court disagreed, finding that the data "was not gathered as part of the performance due under" the contracts in question, the "performance of the disputed contracts would not influence activity on the OCS, nor require either party to perform physical acts on the OCS," and the claims generally did "not appear, in any manner, to arise out of, or bear a significant connection to, an operation on the OCS, nor require either party to perform physical acts on the OCS. *Id.*

In another case relied on by Plaintiff here, the defendant argued that OCSLA jurisdiction existed over plaintiff's claims regarding the assignment of a gas-processing contract, the closure of an onshore valve in a pipeline system, the failure to provide daily volume and customer reports, misrepresentations of the directional

5

flow of a pipeline, and a demand for deficiency payments. *Plains Gas Sols., LLC v. Tennessee Gas Pipeline Co., LLC*, 46 F. Supp. 3d 701, 706 (S.D. Tex. 2014). The court held that none of those activities were operations or physical acts conducted on the OCS, and the sole physical act—the closing of a valve—occurred onshore and not on the OCS. *Id.* For these reasons, OCSLA jurisdiction did not exist, and the case was remanded. *Id.*

In yet another case cited by Plaintiff, *Par. Of Plaquemines v. Total Petrochemical & Ref. USA, Inc.*, 64 F. Supp. 3d 872, 894 (E.D. La. 2014), "all of the oil and gas activities that give rise to the claims asserted . . . occurred in Plaquemines Parish," "none of the operations that gave rise to the alleged violations . . . occurred on the Outer Continental Shelf," and "all of the resulting injury and damage was sustained in Plaquemines Parish." There, the defendants argued that the court had OCSLA jurisdiction because "some of the complained-of activity in this action pertain[ed] to pipelines that carry oil and gas from the OCS to the Operational Area" and "some of the facilities at issue in the Operational Area service[d] oil and gas development on the OCS and co-mingle[d] production with offshore sources." *Id.* The court summarily dismissed these arguments because none of the complained-of activities took place on the OCS. *Id.*

In stark contrast, Plaintiff here was engaged in operations on the OCS and was injured while on a vessel connected to an offshore platform, on which he was present because of his work. There is no question that Plaintiff would not have been injured but for the OCS operations. *See Targa Midstream Services LLC v. Crosstex Processing*

*Services LLC*, 2014 WL 12672258 at *5 (finding that OCSLA jurisdiction was broad enough to include cases where the alleged injury occurred onshore, but was caused by an activity that was offshore on the OCS).

The Court need not address Plaintiff's but-for argument in elaborate detail. It is axiomatic that but-for Plaintiff's employment with QCP to work on the Talos Energy Platform, which the vessel was moored to, he would not have been aboard the vessel where the injury occurred. *See Hicks v. BP Expl. & Prod., Inc.*, 308 F. Supp. 3d 878, 884 (E.D. La. 2018) (holding that "Hicks would not have suffered his alleged injury but for his employment on the offshore platform."); *see also Recar*, 853 F.2d. at 369 (finding that "Recar's work maintaining that production platform furthered mineral development [and] Recar would not have been injured but for the maintenance work he was performing and supervising on the platform. Recar's activities fall within the scope of OCSLA.").

Having conducted a *de novo* review of the initial Defendants' Notice of Removal (Doc. 1), Plaintiff's First and Second Motions To Remand (Docs. 8, 45), the Defendant's opposition to the same (Doc. 46), the R&R and the Plaintiff's objections to the R&R (Doc. 50), the Court **APPROVES** the **R&R (Doc. 49)**, and **ADOPTS** it as the Court's opinion in this matter.

Accordingly,

**IT IS ORDERED** that Plaintiff's **Second Motion To Remand (Doc. 45)** be and is hereby **DENIED**.

Baton Rouge, Louisiana, this 27th day of March, 2024

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**