UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROLANDO LOPEZ                                              CIVIL ACTION

VERSUS

QUALITY CONSTRUCTION &
PRODUCTION, LLC. ET AL.                          NO. 20-00250-BAJ-EWD

### RULING AND ORDER

Before the Court is Defendants' **Motion for Judgment on the Pleadings (Doc. 65, the "Motion")**, which seeks dismissal of Plaintiff's unseaworthiness claims against all Defendants. The motion is opposed (Doc. 68). For the reasons that follow, the Motion will be granted.

I.   BACKGROUND

This action results from a slip and fall allegedly suffered by Plaintiff aboard a ship owned and operated by Defendants. (Doc. 59). After sustaining injuries aboard the vessel, Plaintiff brought this action against Defendants seeking relief under the doctrine of unseaworthiness and general maritime negligence. (Doc. 59). At the time of the fall, Plaintiff was employed by nonparty Quality Construction & Production LLC.[1] Upon consideration of Plaintiff's daily employment duties and other relevant factors, the Court determined that Plaintiff did not qualify for seaman status under

---

[1] Plaintiff's claims against Quality Insurance Construction & Production, LLC were dismissed by the Court upon Plaintiff's unopposed motion. (Doc. 28).

the Jones Act, 46 U.S.C. § 30104, *et seq.*[2] In his opposition, Plaintiff concedes that the action for unseaworthiness belongs solely to Jones Act seamen and indicates that he will not seek to pursue a cause of action under the doctrine of unseaworthiness, so long as the Court's ruling remains binding on the parties. (Doc. 68). Plaintiff did, however, reserve his right to pursue his case as it related to the alleged negligence of Defendants. (*Id.*)

## II.   LEGAL STANDARD

Rule 12(c) of the Federal Rules of Civil Procedure states that a party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough to not delay trial..." Fed. R. Civ. P. 12(c). The standard for deciding a Rule 12(c) motion is the same as a Rule 12(b)(6) Motion to Dismiss. *Guidry v. American Public Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). The Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the [P]laintiff." *Id.* The Plaintiff must plead "enough facts to state a claim of relief that is plausible on its face." *Id.* Factual allegations must be sufficient to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true. *Id.*

## III.   DISCUSSION

Unseaworthiness is a cause of action under general maritime law in which a vessel owner has an absolute, non-delegable duty to provide a seaman with a vessel reasonably fit for its intended use. *Bonefont v. Valdez Tankships*, 136 F.3d 137, p. 4

---

[2] In his initial complaint, Plaintiff identified himself as a seaman entitled to relief under the Jones Act. (Doc. 1-1). The Court ruled that Plaintiff did not qualify for seaman status and therefore could not recover under the Jones Act. (Doc. 52).

2

(5th Cir. 1998). This cause of action is available only to seamen. *Id.* (Citing *The Osceola*, 189 U.S. 158, 175, 23 S.Ct. 483, 47 L.Ed.760 (1903)). In the instant case, it is undisputed that Plaintiff has not asserted any causes of action for seamen's remedies under the Jones Act. Without remedy under the Act, Plaintiff's unseaworthiness claims are left in limbo, untethered to any legal authority to which he could be afforded relief. Therefore, the Court will dismiss Plaintiff's unseaworthiness claims against Defendants.

## IV.  CONCLUSION

Accordingly,

**IT IS ORDERED** that **Defendants' Rule 12(c) Motion for Judgment on the Pleadings (Doc. 65)** be and is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's unseaworthiness claims against Defendants be and are hereby **DISMISSED WITH PREJUDICE.**

Baton Rouge, Louisiana, this 6th day of February, 2025

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA