UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROLANDO LOPEZ                                                        CIVIL ACTION

VERSUS

QUALITY CONSTRUCTION &
PRODUCTION, LLC. ET AL.                                       NO. 20-00250-BAJ-EWD

### ORDER

Before the Court is a **Motion to Strike Jury Demand (Doc. 82)**, filed by Defendants C&G Boats, Inc. and M N M BOATS, INC., in which Defendants ask the Court to strike Plaintiff's demand for a jury trial and instead hear this case in a bench trial. For reasons set forth below, the Court will deny Defendants' motion and grant Plaintiff's jury trial demand.

### I. Procedural History

Plaintiff filed this case in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana on March 18, 2020. (Doc. 1-1). Defendants Quality Construction & Production, LLC, who have since been dismissed, removed the case to this Court claiming federal question jurisdiction under 28 U.S.C. § 1331 and asserting the case is governed by the Outer Continental Shelf Lands Act, 42 U.S.C. §1333(a)(2)(A). (Doc. 1). Current Defendants, C&G Boats, Inc. and M N M BOATS, INC., had not yet been joined to the suit. However, the following month, C&G Boats, Inc., was added as a Defendant to the suit and filed an Answer to the Complaint with Jury Demand. (Doc. 5). Plaintiff filed for remand. (Doc. 8; Doc. 45). The Court found

removal appropriate and denied Plaintiff's request for remand, finding that federal jurisdiction existed under OCSLA. (Doc. 51). In a separate Order issued the same day, the Court also found that Plaintiff Rolando Lopez was not a seaman as defined by the Jones Act and dismissed his unseaworthiness claims against Defendants accordingly. (Doc. 52). Thereafter, Plaintiff amended his Complaint, asserting jurisdiction for his suit under OCSLA and including a demand for trial by jury. (Doc. 59). Defendants oppose Plaintiff's demand. (Doc. 82). Plaintiff responded. (Doc. 90). Defendants submitted supplemental briefing. (Doc. 99).

## II. Legal Standard

"Pursuant to Federal Rule of Civil Procedure 9(h), a plaintiff whose claims are cognizable within the [c]ourt's admiralty jurisdiction 'and also within the court's subject-matter jurisdiction on some other ground' may choose to proceed on the admiralty side of the [c]ourt." *LeBlanc v. Panther Helicopters*, 2015 WL 350285 at *5 (E.D. La. Jan. 26, 2015) (quoting Fed. R. Civ. P. 9(h)). Federal Rule of Civil Procedure 9(h) provides:

> If a claim for relief is within the admiralty or maritime jurisdiction and also within the court's subject-matter jurisdiction on some other ground, the pleading may designate the claim as an admiralty or maritime claim for purposes of Rules 14(c), 38(e), and 82 and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. A claim cognizable only in the admiralty or maritime jurisdiction is an admiralty or maritime claim for those purposes, whether or not so designated.

"[T]o proceed on the admiralty side of the court, a plaintiff may choose to include a statement in the complaint designating the claim as an admiralty or maritime claim, but an express Rule 9(h) election – although preferable – is not

required so long as the complaint includes a simple statement identifying the claim as an admiralty or maritime claim." *Ensco Offshore, LLC v. Cantium, LLC*, No. CV 24-371, 2024 WL 1801855, at *2 (E.D. La. Apr. 25, 2024) (citing *T.N.T. Marine Serv., Inc. v. Weaver Shipyards & Dry Docks, Inc.*, 702 F.2d 585, 586-87 (5th Cir. 1983)). If a plaintiff does not make an express reference to Rule 9(h) in their complaint, a court should "look to the 'totality of circumstances' to determine if [the plaintiff] made the required 'simple statement' to 'properly invoke the district court's admiralty jurisdiction.'" *Poincon v. Offshore Marine Contractors, Inc.*, 9 F.4th 289, 294 (5th Cir. 2021) (quoting *Bodden v. Osgood*, 879 F.2d 184, 186 (5th Cir. 1989)). Under the court's admiralty jurisdiction, plaintiffs are not entitled to a jury trial. Fed. R. Civ. P. 38(e). However, when claims are brought under the district court's subject matter jurisdiction through OCSLA, trial by jury is a plaintiff's prerogative. *Apache Corp. v. Global Santa Fe Drilling Co.*, 832 F. Supp. 2d 678, 698 (W.D. La. 2010) (finding that where federal jurisdiction exists under OCSLA and no 9(h) designation was made, the right to jury trial remains), *aff'd*, 435 F. App'x 322 (5th Cir. 2011).

### III. Analysis

Defendants assert that Plaintiff's remaining claims "are only cognizable under this Court's admiralty jurisdiction which confers no right to a jury trial." (Doc. 82-1 at 3). Plaintiff counters that "this Court's jurisdiction is founded on OCSLA" and he thus retains an "undeniable right to a jury trial." (Doc. 90 at 1). Defendants respond that, while Plaintiff did not expressly invoke admiralty jurisdiction under Rule 9(h), he nonetheless makes a "simple statement identifying the claim as an admiralty or

3

maritime claim" in his pleadings. (Doc. 99 at 3). Defendants also seemingly attempt to re-open the issue of whether jurisdiction exists under OCSLA, an issue the Court has already decided, by asserting that Plaintiff's remaining claims are "cognizable only in admiralty." (Doc. 99 at 5). The Court disagrees. (Doc. 51).

Defendants cite to *T.N.T. Marine Services, Inc. v. Weaver Shipyards & Dry Docks, Inc.,* 702 F.2d 585, 587-88 (5th Cir. 1983) in support of its assertion that Plaintiff's suit must be brought under admiralty jurisdiction, claiming there is implicit language in Plaintiff's Complaint sufficient to constitute a 9(h) "simple statement" invoking admiralty jurisdiction. (Doc. 99 at 4). The Court disagrees. Indeed, in *T.N.T.,* the court found that although plaintiff's complaint stated otherwise, the claims were only cognizable under admiralty due to a statement in the operative complaint averring that "this is also a suit for breach of a maritime contract and for maritime tort". 702 F.2d at 588. However, the court immediately thereafter referred to Rule 9(h)'s liberal procedures for amending complaints and suggests that the plaintiff may have preserved a right to jury trial by amending his complaint to clarify the "identifying statement". *Id.* That is exactly what Plaintiff here has done to make clear his desire *not* to invoke rule 9(h) and to assert federal question jurisdiction under OCSLA. (Doc. 59 at 1). Plaintiff also removed references to admiralty jurisdiction under 28 U.S.C. § 1333 from his original complaint. (*See* Doc. 1-1).

In *Leblanc v. Panther Helicopters, Inc.,* the court grappled with a nearly identical instance of ambiguity of jurisdiction. No.14cv1617, 2015 WL 350285 (E.D. La. Jan. 26, 2015) (Barbier, J.). There, plaintiff brought claims under OCSLA and

4

general maritime law. The *Leblanc* court found that "[s]omething more than the fact that Plaintiffs happened to assert alternative claims under general maritime law therefore was required to indicate that Plaintiffs wished to proceed in admiralty." 2015 WL 350285 at *5. Here, rather than asserting alternative jurisdiction, Plaintiff has expressly asserted his desire *not* to proceed in admiralty by including as the sole basis for jurisdiction in his operative Complaint 43 U.S.C. § 1349(b)(1). (Doc. 59 at p.1). While perhaps not perfectly crafted, it is nonetheless clear that Plaintiff asserts jurisdiction in this Court under OCSLA and further demands trial by jury. (Doc. 59 at p.22). Defendants take issue with Plaintiff's references to Defendants' alleged liability under general maritime law for unseaworthiness, claiming that this invokes admiralty jurisdiction. (Doc. 99 at 3-4; Doc. 59 at p.14-16). As discussed previously, Plaintiff's claims against Defendants for unseaworthiness have already been dismissed. (Doc. 52). Under the "totality of circumstances" standard, the Court does not find reference to these now-dismissed unseaworthiness claims sufficient to indicate that Plaintiff wished to proceed in admiralty. *Bodden v. Osgood*, 879 F.2d 184, 186 (5th Cir. 1989).

A recent case from the Eastern District of Louisiana is also instructive here. *Trigleth v. Ocean Belt Mar., Inc.,* No. CV 23-65, 2025 WL 2499088 (E.D. La. June 13, 2025) (Ashe, J.). There, a plaintiff brought similar claims for unseaworthiness and personal injury in his original complaint. *Id.* His unseaworthiness claims were dismissed and he subsequently amended his complaint to remove reference to the court's admiralty jurisdiction under 28 U.S.C. § 1333 and to add a demand for jury

5

trial. *Id.* The *Trigleth* court found this sufficiently clear that the plaintiff was not invoking the court's admiralty jurisdiction under 9(h) and was instead asserting the court's diversity jurisdiction. *Id.* Though Plaintiff here instead invokes federal question jurisdiction rather than diversity jurisdiction, it does not change the outcome. Plaintiff was clear enough in his Second Amended Complaint that he wished to bring his claims under the court's federal question jurisdiction through OCSLA and not admiralty jurisdiction. (Doc. 59). He has thus retained the right to a jury trial.

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that Defendants' **Motion to Strike Jury Demand (Doc. 82)** is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the bench trial currently scheduled to begin on January 26, 2026 at 8:30 A.M. in Courtoom 2 is hereby **RESET** as a jury trial for the same.

Baton Rouge, Louisiana, this 15th day of December, 2025

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA